## City of Cairo v. James Coleman.

1. CITIES AND VILLAGES—*Power to Pass Ordinances.*—A city ordinance declaring that " any store or building  *  *  *  not a place licensed for the sale of provisions, wherein shall be sold or offered for sale to the public any articles of any kind of merchandise, shall be deemed a public place, and no article of merchandise shall be sold at or from such public place, until an inspection of such merchandise shall be made by the city inspector of merchandise, and a certificate of inspection thereof obtained," is void for want of power to pass it.

2. SAME—*Can Not Delegate its Power.*—An ordinance providing for the inspection of merchandise and making the city marshal the inspector by virtue of his office in addition to his other duties, and providing that if upon such inspection he discovers in such stock any articles, the sale of which shall be injurious to the health or public welfare of the

citizens, or a fraud upon the public, such articles shall be reported by him to the city clerk as not having passed inspection, is void for the reason that it delegates to the city marshal the power to determine what articles of merchandise, if sold, will be injurious to the health or public welfare of the citizens or a fraud upon the public.

3.  Construction--Of Statutes--Implied Power.—The power to regulate the inspection, includes the power to license.

4.  Same—Express Powers.—A municipal corporation, being a creature of the legislature, can exercise such powers only, as are expressly conferred or necessarily incident thereto.

5.  Same—Interpretation of Powers.—Where there is a reasonable doubt concerning the existence of a power, it is to be resolved against the corporation and the power denied.

6.  Same—Classes of Persons and Things.—Where a particular class of persons or things is spoken of, and general words follow, the class first mentioned is to be taken as the most comprehensive, and the general words treated as referring to matters ejusdem generis with such class, the effect of general words when they follow particular words being thus restricted.

7.  Same—General Words Restrained According to the Subject-Matter. —General words may be aptly restrained according to the subject-matter or persons to which they relate.

8.  Municipal Corporations—Agent of the State.—A city is only an agent of the State. It can not delegate its power to another.

Memorandum.—Prosecution under a city ordinance. Appeal from the Circuit Court of Alexander County; the Hon. Alonzo K. Vickers, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

Statement of the Case.

This cause was tried by the court upon the following agreed state of facts: "It is agreed that said defendant on the 1st day of January, 1893, and thenceforward until the 31st of March, A. D. 1893, occupied a store building No. 712 Commercial avenue, in the city of Cairo, Illinois, wherein he was engaged in, and carried on the business of bookseller and stationer, and had and offered for sale to the public a stock of merchandise, consisting of books, periodicals, stationery and other articles of merchandise usually kept by a bookseller and stationer; that on the 2d of March, said defendant sold at and from said store some of the articles of merchandise composing said stock; that at the time of such sale, said defendant had never had any of the merchan-

dise composing said stock inspected, or made any applica-
tion to the city marshal of the city of Cairo for an inspec-
tion of the same, nor had he paid into the city treasury
any money for such inspection, nor had said defendant any
certificate of inspection as provided for and required by sec-
tion 3 of ordinance No. 518, of said city, approved Decem-
ber 15, 1892; nor was said store building "a place licensed
for the sale of provisions" under section 2 of said ordi-
nance; that thereupon the city of Cairo, upon a warrant
duly sworn out before T. F. White, a justice of the peace in
and for said city, caused the arrest of defendant, charging
him with a violation of the provisions of said section 3 of
said ordinance in making sale of merchandise as aforesaid;
that upon the hearing of the cause, said justice discharged
said defendant, and gave judgment against said city for
costs; and said city thereupon brings said cause by appeal
to the Circuit Court, and the same is there now heard upon
the above agreed state of facts, and said ordinance and sec-
tion 3 thereof offered in evidence by plaintiff in the words
and figures following, to-wit:

Section 3. Every store or building in the city of Cairo
not "a place licensed for the sale of provisions," under the
preceding section, and wherein shall be sold or offered for
sale to the public, any cotton, tobacco, cigars, dry goods,
furnishing goods, millinery goods, jewelry, boots and shoes,
stationery, furniture, hardware, crockery, harness or sad-
dlery, sewing machines, gas and plumbing articles, material
and fixtures, or any other articles of any kind of merchan-
dise shall be deemed "a public place;" and no such articles
of merchandise shall be sold at or from such "public place"
until an inspection of such merchandise shall have first been
made by the "city inspector of merchandise," and a certif-
icate of inspection thereof obtained, as in and by this sec-
tion provided. The city marshal is hereby made "city
inspector of merchandise," by virtue of his office; and in
addition to his other duties it shall be his duty to perform
all the duties herein required of the "city inspector of mer-
chandise." It shall be the duty of every person, copartner-
ship or corporation, being the owner or proprietor of a stock

City of Cairo v. Coleman.

of any articles of merchandise, inspection of which is here-
inabove provided for or required, before making sale of any
part thereof, to make application to said inspector for an
inspection of such stock of merchandise, and pay into the
city treasury in advance, an inspection fee of ten dollars for
such inspection; and thereupon, upon such application and
payment of such inspection fee, it shall be the duty of said
inspector to make such inspection.

If, upon such inspection, said inspector shall discover in
such stock of merchandise any article of merchandise the
sale of which shall be injurious to the health or public wel-
fare of the citizens of Cairo, or be a fraud upon the public,
such articles shall be reported by him to the city clerk as
"not having passed inspection," and the residue of said
stock only reported as having "passed inspection;" other-
wise he shall simply report to the said clerk said entire
stock as having "passed inspection," and he shall also report
to the said clerk the name of the applicant for such inspec-
tion and the location of the stock so inspected; and there-
upon it shall be the duty of the said clerk to issue and
deliver to such applicant a proper certificate of inspection,
duly signed by said clerk and attested by the mayor, which
said certificate shall also state the name of such applicant
and the location of the stock so inspected, and the fact that
the same has been duly inspected and "passed inspection"
or "passed inspection except as to the following articles of
merchandise, viz. (he will here specify the articles reported
by the inspector as not having passed inspection), as the case
may be; said certificate shall bear the date of its issuance,
and shall be in force from such date during the fiscal year
of the city in which issued; and it shall be lawful for such
applicant, under and by virtue of such certificate, and while
such certificate shall be in force as aforesaid, to sell to the
public any and all of the articles of merchandise composing
said stock so inspected, excepting the excepted articles
aforesaid, and all like articles of merchandise added to such
stock during said period, but unlawful to sell any of said ex-
cepted articles or like articles added thereto during said
period. Any person, co-partnership or corporation who

shall violate any of the provisions of this section shall forfeit and pay for the use of the city a sum not less than five dollars nor more than fifty dollars for each offense; provided, this section shall not apply to any store or building wherein merchandise shall be sold or offered for sale by any commission merchant or auctioneer, keeper of any ordinary, second-hand or junk, or druggist or liquor dealer, who hold a license as such, or by any religious, charitable or benevolent society for religious, charitable or benevolent purposes, nor to merchandise sold at and from licensed lumber yards." The ordinance shows that it was duly adopted, approved, attested and published December 16, 1892.·

Defendant objected to the same on the grounds that said ordinance and section three thereof is unconstitutional, illegal and void. Upon the agreed facts and evidence aforesaid the court ruled that said section 3 of said ordinance 518 was illegal and void, and that defendant could not be fined for non-compliance with the provisions thereof, to which said ruling by the court plaintiff then and there excepted. Thereupon the court found for defendant; plaintiff then and there excepted, and moved the court to set aside finding and grant a new trial, and filed reasons in writing therefor; but the court overruled motion and gave judgment for the defendant; plaintiff then and there excepted.

Appellant's Brief, Green & Gilbert, Attorneys.

The city of Cairo is incorporated under the general law (Chap. 24, Rev. Stat. 1891, p. 243); and Art. 5, Sec. 1, paragraph 54, of that chapter grants express power "to regulate the inspection   *   *   *   of   *   *   *   any article of merchandise."

The power to regulate includes the power to license as one mode of regulation. Chicago Packing Company v. Chicago, 88 Ill. 225; Kinsley v. Chicago, 124 Ill. 361; Wiggins Ferry Co. v. East St. Louis, 102 Ill. 560; Howland v. City of Chicago, 108 Id. 500; Braun v. City of Chicago, 110 Id. 186; Distilling Co. v. City of Chicago, 112 Id. 19; Denney v. City of Chicago, 120 Id. 627.

" Merchandise—The objects of commerce, wares, goods, commodities, whatever is usually bought or sold in trade; but provisions daily sold in market are not usually included in the term; real estate never."—Webster.

" Inspection—The examination of certain articles made by law subject to such examination so that they may be declared fit for commerce. The object is to protect the community from fraud."—Bouvier Law Dic.

" Inspector—One who views or oversees; an officer whose duty it is to examine the quality of goods or commodities offered for sale."—Webster.

The object of inspection is to bring sellers of merchandise under the police power of the city and prevent fraud and imposition. Farwell v. Chicago, 71 Ill. 272; Kinsley v. Chicago, 124 Ill. 362.

" The fact that a law regulates a trade or business, or in some degree operates as a restraint on same, does not render it obnoxious to any constitutional provision." Hawthorne, v. People, 109 Ill. 303; 52 Ill. 482.

A legal restraint may be imposed on a few for the benefit of the many. Dillon Mu. Corp., Vol. 1, Ch. 12, Sec. 260.

Appellee's Brief, Lansden & Leek, Attorneys

It is a familiar rule governing the construction of statutes that when general words follow particular words, the former can mean only things or persons of the same kind or class as those which are particularly mentioned. Drake et al. v. Phillips, 40 Ill. 388; Brush v. Lemma, 77 Ill. 496; In the matter of Swigart, 119 Ill. 83; Shirk v. The People, 121 Ill. 61; Wilson v. Board of Trustees, 133 Ill. 470; Ambler v. Whipple, 139 Ill. 311; Moore v. The People, 146 Ill. 600; Sedgwick on Stat. and Const. Law, 236; Potter's Dwarris on Statutes, 247 and 248.

Where the charter of a municipal corporation confers power upon such corporation to regulate the inspection of certain articles of merchandise, specifically enumerating them, such declaration must, by a familiar canon of construction, be construed precisely as if the charter in express

terms inhibited the inspection of all articles of merchandise not contained in the enumeration. City of Cairo v. Bross, 101 Ill. 475; Thomas v. West Jersey Railroad Co., 101 U. S. 82; Keim v. City of Chicago, 46 Ill. App. 445; Gaddis v. Richland County, 92 Ill. 119; Huesing v. City of Rock Island, 128 Ill. 465.

Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied. Trotter v. City of Chicago, 33 Ill. App. 206; Emmons v. City of Lewistown, 132 Ill. 380; Seeger v. Mueller, 133 Ill. 94; Rawlings v. Village of Cerro Gordo, 32 Ill. App. 215; Village of Braceville v. Doherty, 30 Ill. App. 645.

The merchandise may not, in fact, be injurious to the health or welfare of the citizen, or be a fraud upon the public, and yet the city marshal may decide it to be so. The city marshal is made the exclusive judge of the purity and genuineness of drugs and chemicals, of diamonds and other precious stones, and of jewelry, etc.

The merchant is given no day in court upon the questions with reference to whether his stock of merchandise is injurious to the health or welfare of the citizen, or is a fraud upon the public, but he is compelled to abide by the arbitrary decision of the city marshal upon these questions. The city marshal may be an enemy of some of the merchants and he may, for this reason, refuse to let their stocks of merchandise pass inspection.

The courts have uniformly held ordinances like the one in question to be void. Trotter v. City of Chicago, 33 Ill. App. 206; same v. same, 136 Ill. 430; Rich v. City of Naperville, 22 Ill. App. 222; Yic Wo v. Hopkins, 118 U. S. 220; City of Richmond v. Dudley, 129 Ind. 112; City of East St. Louis v. Wehrung, 50 Ill. 31; Zanone v. City of Mound City, 103 Ill. 552.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

If the ordinance was valid, the facts stipulated required a finding and judgment for the city. The court below held

it was invalid, and that ruling is the only question for determination here. The ordinance is said to be authorized by the 54th power of Sec. 1, Art. 5, Part 1. Chap. 24 of the general incorporation act of 1872, under which the city of Cairo is incorporated, which is as follows: "The city council in cities shall have the power to regulate the inspection, weighing and measuring of brick, lumber, firewood, coal, hay, and any article of merchandise." This right falls under the designation of a police power, and the authority of the city to pass the ordinance in question is said to be reinforced by the 66th power of same section, which is, the city council shall have the power "To regulate the police of the city, and pass and enforce all necessary police ordinances." The object of the ordinance is said to be to bring all venders of merchandise under police regulation, so as to be able to inspect all stocks of merchandise, and thereby discover and prevent the sale of "merchandise which shall be injurious to the health or public welfare of the citizens of Cairo, or be a fraud upon the public." The power to regulate the inspection, etc., it is said, includes the power to license. This latter position is not contested by appellee. The law has been so declared in Farwell v. Chicago, 71 Ill. 272; Kinsley v. Chicago, 124 Ill. 362.

The appellee, a vender of stationery, books, periodicals and other articles of merchandise usually kept by a book seller, contends the ordinance is invalid as to him for at least two reasons. 1. The city had no power, under its charter, to pass an ordinance providing for the inspection of such articles of merchandise as were kept and sold by him. 2. That if it had, it could not delegate to the city marshal the arbitrary power of determining what article of merchandise would be injurious to the health or public welfare of the citizens of Cairo, or a fraud upon the public, if sold.

The law is, the appellant, being a creature of the legislature, can exercise such powers only, as are expressly conferred and as are necessarily incident thereto. Mather v. City of Ottawa, 114 Ill. 659.

"Any fair, reasonable" doubt concerning the existence of

power is resolved against the separation, and the power is denied.   Emmons v. City of Lewistown, 132 Ill. 380; Seeger v. Mueller et al., 133 Ill. 94.   The ordinance in question declared, " Any store or building in the city of Cairo, not a place licensed for the sale of provisions, wherein shall be sold or offered for sale to the public   *   *   *   any articles of merchandise, shall be deemed a public place, and no article of merchandise shall be sold at or from such public place until an inspection of such merchandise shall have first been made by the city inspector of merchandise, and a certificate of inspection thereof obtained, under a penalty of not less than five dollars, nor more than fifty dollars for each offense."   The ordinance excepts auctioneers and others licensed to make sales, and religious and benevolent societies and makes the city marshal the city inspector.   The authority to pass this ordinance must be found in the 54th grant of power, above set out, or it does not exist.   The 66th power does not purport to be a grant of police power, as such, but gives authority to the city to pass and enforce all necessary police ordinances; that is, ordinances relating to matters coming within the police power.

The appellant contends the last general clause, " any article of merchandise," in the 54th power, *supra*, is not limited in its meaning by the specific articles mentioned preceding it.   The appellee contends it is, and must be construed to mean articles of merchandise of the same general kind or class as there specified.   In Potter's Dwarris, p. 247, it is said in regard to construing penal statutes : " If general words follow an enumeration of particular cases, such general words are held to apply only to cases of the same kind as those which are expressly mentioned."   This rule is not limited to penal statutes.   In Broom's Legal Maxims, p. 657, it is said in regard to the construction of an act of Parliament, " Where a particular class of persons or things is spoken of, and general words follow, the class first mentioned is to be taken as the most comprehensive, and the general words treated as referring to matters *ejusdem generis* with such class, the effect of general words when they follow particular words being thus restricted."

It is there further said, " General words may be aptly restrained according to the subject-matter or persons to which they relate."

In the case of Ambler v. Whipple, 139 Ill. 317, where the proper construction of section 16 of the law of limitations was involved, and where the particular issue was as to whether the words " or other evidence of indebtedness in writing" included judgments, when they followed an enumeration of different kinds of contracts in writing, it was said: "It is a general rule of statutory construction, that general words, following an enumeration of particular cases, apply to cases of the same kind and description." To the same effect, see Wilson v. Board of Trustees, 133 Ill. 470. It is said, however, that the words " any article of merchandise" are as broad and comprehensive as the English language admits of. This is true, if considered alone and by themselves, without reference to the words preceding them, as is said in regard to the general clause under consideration in the Whipple case, 139 Ill. 317, *supra*. But why ignore those particular and specific words? They were used for a purpose as clearly as the general words. To arrive at the intention of the legislature all the words included in this fifty-fourth power must be considered together. Statutes should be construed so that no clause, sentence or words shall be deemed superfluous. Hunt v. C. H. & D. Ry. Co., 121 Ill. 644. The ordinance is void in our judgment for want of power to pass it. It is also void in that it delegates the power to the city marshal to determine what articles of merchandise, if sold, would be injurious to the health or public welfare of the citizens of Cairo or a fraud upon the public.

There would be no stability in such a regulation. Citizens engaged in legitimate business would be subject to the whims and caprice of each city marshal. The best and most intelligent of men frequently differ on such subjects. The determination of one city marshal as to what was injurious would be no criterion for the determination of another. If the power existed to inspect all merchandise,

merchants would have the right to know by fixed law what was placed under the ban of official powers. Any other course would be oppressive and intolerable. In such case the power to determine what was injurious would rest in the council and not its agents; one agent can not delegate power to another agent unless authorized to do so by the principal. The city itself is only an agent of the State. It can not delegate its power to another. Dillon on Municipal Cor., Secs. 60, 618; Chicago v. Trotter, 136 Ill. 430. The judgment is affirmed.