## High Court Catholic Order of Foresters v. Minnie Malloy.

1. FRATERNAL BENEFIT SOCIETIES—*Construction of By-Laws.*— Amendments to the by-laws of a fraternal benefit society, restricting the exercise of rights possessed by its members, should be reasonably plain, and if ambiguous, will be construed favorably to the party claiming rights granted by the by-laws as they were before amended.

**Assumpsit,** on an insurance certificate. Appeal from the Circuit Court, Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Mr. Justice Waterman dissenting. Opinion filed January 7, 1897.

E. S. CUMMINGS, attorney for appellant.

CARPENTER BROS., attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

November 6, 1889, the appellant, which is a fraternal benefit society, issued to James Gorman an "endowment certificate," by which it promised to pay to his wife, Maggie, $1,000 upon his death, upon condition, among others, that he complied with the laws and regulations then governing the order, "or that might be thereafter enacted."

At that time the "laws" were such that in the event of the death of Maggie before the death of James, which event did happen, the money ought to be paid to relatives named "if he (James) shall have made no other or further disposition thereof."

Such "laws" also gave him the privilege to surrender the certificate at any time, and take a new one payable to some other person, of certain classes.

The appellee is within those classes.

Before his death, James made his will, giving the appellee, his sister, what might come to his estate from the appellant.

After the certificate was issued the appellant enacted a by-law as follows:

"No entry shall be made in any application or endow-

ment certificate, or otherwise, permitting the designation by or ascertainment by reference to, any will of the person or persons, trustees or beneficiaries, to whom any endowment shall be payable, or the amount or share of any benefit. No will shall be permitted to control the appointment or distribution of or rights of any person to any endowment payable by this order."

The validity of this by-law, we do not think admits of question; the effect of it is the subject of inquiry.

The certificate implied that James might, in the event of the death of his wife during his life, make " other or further disposition " of the sum payable under the certificate.

The privilege could not be exercised under the provision that he might surrender the certificate, and take a new one payable to some other person, for such action would not be " other or further disposition" of the sum payable under the original certificate, but an abandonment of that certificate.

The privilege of " other or further disposition " was to be exercised only in the event of the death of Maggie while James lived, and it was the money to which she would have been entitled, had he died first, of which the " other or further disposition " could be made.

If, therefore, the by-law quoted had not been enacted, the right of the appellee would be clear.

Now, the first sentence of that by-law does not refer to the will of the person who took out the certificate; but to the will of some person who is to take a benefit under it.

The second sentence is ambiguous. Broken up into clauses, it may be read: " No will shall be permitted to control the appointment of any person to any endowment. No will shall be permitted to control the distribution of any endowment. No will shall be permitted to control the rights of any person to any endowment."

But as the right to make " other or further disposition," if Maggie died, was reserved to James, and no mode of its exercise named, he might exercise it in any way not in conflict with the laws of the appellant, or with general law.

Any law of the appellant restricting the exercise of the right, should be reasonably plain, not requiring the abstruse reasoning of a doctor of laws to arrive at its meaning. Upon the maxim *noscitur a sociis*, the second sentence refers only to such wills as the first sentence does.

References to many authorities are in City of Cairo v. Coleman, 53 Ill. App. 680; Broom, L. M. 588.

In our judgment the will of James was a valid disposition of the sum payable under the certificate, and entitled the appellee to the money. That he intended that the words he used in his will should give the money to her, can not be doubted, and in construing the will, his intention is the primary consideration.

The judgment is affirmed.

MR. JUSTICE WATERMAN, dissenting.

Sec. 3 of Art. 12 is as follows: "A member may at any time, when in good standing, surrender his endowment certificate, and a new certificate shall be thereafter issued payable to such beneficiary or beneficiaries as such member may direct, in accordance with the laws of the order, upon the payment of a fee of fifty cents. Said surrender and direction must be made in writing, signed by the member and forwarded under seal of the subordinate court with the endowment certificate to the high secretary."

The member, in taking his certificate, agrees to be bound by the by-laws then in force and such as might thereafter be adopted.

The following by-law was thereafter adopted:

"No entry shall be made in any application or endowment certificate, or otherwise, permitting the designation by, or ascertainment by reference to, any will of the person or persons, trustees or beneficiaries, to whom any endowment shall be payable, or the amount or share of any benefit. No will shall be permitted to control the appointment or distribution of or rights of any person to any endowment payable by this order."

It is manifest that it was intended by the by-law last set

forth, to put at rest all claim of right to designate by will a beneficiary.

I see no reason why the plain meaning of the by-law should not be enforced.

The member, by his will, instead of designating appellee as the beneficiary, willed to her "all the remainder of his personal estate, including anything that may come to his estate by reason of his insurance," etc.

Nothing goes to his estate by reason of the insurance.

Wills are to be construed according to the intention of the testator, and it may, perhaps, be fairly said that the deceased thought that the insurance money would go to his estate, and so willed it to his sister instead of, in a proper manner, exercising the power of appointment which he had, and which the new by-law forbade the exercise of by will.

The mode of changing the beneficiary specified in the contract must be substantially followed. Niblack on Benefit Societies, Sec. 218; Mellows v. Mellows, 61 N. H. 137; Ireland v. Ireland, 42 Hun, 212; Wendt v. Iowa Legion, 72 Iowa, 682.